CORSE vs. PATTERSON.

1824. JUNE (E. S.)

Corse vs Patterson

APPEAL from *Kent* county court. The cause was argued before BUCHANAN, EARLE, and MARTIN, J. by

*Carmichael* and *Chambers*, for the Appellant, and by *Gale* and *Tilghman*, for the Appellee.

Neither a husband nor wife is a competent witness in a civil suit to which either is a party, nor in an action between third persons, directly affecting the interest of either.

In an action of replevin brought by P, against C, to recover two slaves held by C under a bill of sale, in the nature of a mortgage, from N, the wife of N is not a competent witness to prove title in N, at the time of the execution of such bill of sale.

Where P contracted with N for the sale of certain slaves, and N was to take them into his possession, and pay for them at an ensuing day, but *the property of* P *was to continue until they were* paid for, and a part of the price agreed upon was paid to P—*Held*, that P did not, at the time of the contract, part with his interest in the slaves; that the payment of the whole of the stipulated price was a condition precedent, on the performance of which alone, and not before, the title could vest in N. That the part payment was not such a performance as could divest P of his property, but that the title remained in him notwithstanding any indulgences he may have extended to N. And although he might permit the possession to remain in N, he was under no obligation to stand by and suffer N to transfer them to another person, and thereby incur the risk of losing them altogether, but had a right to assert his claim whenever he saw them passing into other hands, on the ground that the title by the terms of the original contract was never out of him.

BUCHANAN, J. delivered the opinion of the court, in which the facts are sufficiently stated. This is an appeal from the judgment of the court of *Kent* county, in an action of replevin brought by *Henry Patterson*, (the appellee,) against *James Corse*, (the appellant,) for two negro boys. At the trial of which, upon issues joined on the two pleas of *non cepit*, and property in the defendant, two bills of exceptions were taken on the part of the defendant.

It appears from the facts stated in the *first* bill of exceptions, that the two negro boys were born the property of the plaintiff, and continued in his possession until the year 1818. That the defendant, from whose possession they were replevied, claimed and held them in virtue of a bill of sale to him, in nature of a mortgage, from *James Nowland*, dated the sixth of December in the year 1820; and that for the purpose of showing a subsisting title in *James Nowland*, at the time the bill of sale was given, *Henrietta Nowland*, the wife of *James Nowland*, was offered as a witness to prove that the plaintiff sold them to her in the year 1818, before she intermarried, as it appears, with *James Nowland*, which was objected to on the part of the plaintiff, and rejected by the court; and the question is, whether that testimony of *Henrietta Nowland* ought to have been admitted?

It is a settled rule, that neither a husband nor wife can be received as a witness in a civil suit to which the other is a party. They are not competent witnesses against each other, because that would be contrary to the policy of marriage; nor in favour of each other, because their interests are the same. It is also a general rule, that neither a husband nor wife is a competent witness in an action between third persons, directly affecting the interest of the other, to which the cases of *Williams vs. Johnson*, 1 *Strange*, 504,

and *Baring vs. Reeder*, 1 *Hen. & Munf.* 154, cited in argument, are by no means opposed. The first was an action against the daughter's husband, for her wedding clothes; in which her mother was admitted to prove that they were delivered, not on the credit of the daughter, but of her father, the husband of the witness, on the ground, that though the testimony went to exempt the defendant in the action from the payment of a debt which was due by her husband, yet it did not fix the debt upon the husband; as neither her testimony, nor the credit founded upon it, could ever have been given in evidence against him in an action brought for the same debt, which could only have been sustained upon other evidence. The only operative effect, therefore, of her testimony, was to exempt the immediate defendant from being charged with a debt which was due from another. And the latter, *Baring vs. Reeder*, was decided on the same principle, with the additional ground, that the interest of the husband in that case was equally balanced between the parties, and consequently could not be affected by the testimony of his wife; and neither of these cases has any bearing upon this; it is indeed an action between third persons, but directly affecting the interest of *James Nowland*, on which the fact attempted to be proved by his wife would have an immediate operation in his favour. If the plaintiff, *Henry Patterson*, never parted with his interest in the negroes in question, he has a right to recover them, and *James Nowland* can have no benefit of the right to redeem under the terms of the bill of sale to *Corse*, the defendant; but if, on the contrary, the plaintiff did sell them to *Nowland's* wife, before he intermarried with her, *Nowland*, by his marriage, acquired a right to dispose of them, and has a subsisting interest in the right to redeem, which is increasing in proportion as the negroes, (who are still very young,) increase in value. He of consequence is directly interested to the full amount of the value of the right to redeem, be that what it may, in defeating the plaintiff's action, since upon the plaintiff's recovery or not depends his deriving any benefit of the right to redeem. On the ground of interest, therefore, his wife was not a competent witness to prove a sale of the negroes by the plaintiff to her when sole, and thus to defeat the action, by which event her husband would be immediately benefitted, and her testimony was properly rejected.

It appears, however, by the *second* bill of exceptions, on the testimony of other witnesses, that sometime in the spring of the year 1818, a contract for the sale of the negroes in question was entered into between the plaintiff and *Henrietta Briscoe,* before her intermarriage with *James Nowland,* by which it was stipulated, that she should take them into her possession, to be paid for, at a price agreed upon, in the course of the fall of the same year, but that they should remain *his property* until they were paid for. Evidence was also offered to prove the admission of the plaintiff, that he had received a part of the price agreed upon, but without showing how much. On that evidence, in connexion with the testimony contained in the first bill of exceptions, a motion was made to the court below to direct the jury to find for the defendant, if they should believe that the plaintiff had received a part of the money stipulated to be paid, which direction the court refused to give; and the question here is, whether upon the whole case, (admitting no other agreement to have been entered into, but that the sum paid was received under the contract as stated,) the plaintiff is entitled to recover? Which seems to lie in a narrow compass.

The plaintiff did not, at the time of the contract, part with his interest in the negroes, but by the express terms of it they were to remain his property until they were paid for, which was to have been in the course of the next ensuing fall. The payment of the whole of the stipulated price was a condition precedent, on the performance of which alone, and not before, could the title have vested in *Henrietta Briscoe.* That condition no where appears to have been performed. It is not shown that the stipulated price was paid within the time agreed upon, or at any other time, and the payment of a part was not such a performance as could of itself have the effect to divest the plaintiff of his property in the negroes, but the title remained in him notwithstanding any indulgencies which he may have extended to the other contracting party; and being in him, neither *Henrietta Briscoe,* before her marriage, nor *James Nowland,* her husband, since, could sell them to any body else; and though he might permit the possession to remain in *Nowland,* he was under no obligation to stand by and suffer him to transfer them to the defendant, or to any other person, and thereby incur the risk of losing them al-

together, but had a right to assert his claim whenever he saw them passing into other hands; not on the ground of rescinding the contract, which it has been contended he could not do after the receipt of a part of the purchase money, and the length of time that had elapsed before the issuing of the writ of replevin, but on the ground, that the title, by the terms of the original contract, was never out of him—the condition precedent never having been performed, and the receipt of a part of the sum agreed upon not having the effect to operate a divesture of it, in the absence of any other contract or agreement between the parties.

We concur, therefore, in opinion with the court below, on each exception, and affirm the judgment with costs.

